# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT BREIDING, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> EVERSOURCE ENERGY and AVANGRID, INC., <br><br> Defendants. | C.A. No. 17-12274-DJC <br><br> **Oral Argument Requested** <br><br> **Leave to file granted on April 26, 2018** |
| DONNA CORDEIRO, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> EVERSOURCE ENERGY and AVANGRID, INC., <br><br> Defendants. | C.A. No. 18-10235-DJC <br><br> **Oral Argument Requested** <br><br> **Leave to file granted on April 26, 2018** |

# AVANGRID INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Marguerite M. Sullivan (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh St. NW, Suite 1000
Washington, DC. 20004
Tel: (202) 637-2200
marguerite.sullivan@lw.com
allyson.maltas@lw.com

U. Gwyn Williams (#565181)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6000
gwyn.williams@lw.com

*Attorneys for Defendant Avangrid, Inc.*

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Avangrid, Inc. ("Avangrid") respectfully moves for an order dismissing with prejudice plaintiffs' Consolidated First Amended Class Action Complaint in the above-captioned action.  As grounds for this motion, Avangrid states as follows:

1.   *First*, the filed rate doctrine bars plaintiffs' claims.  Plaintiffs argue that wholesale electricity prices that resulted from the ISO New England ("ISO-NE") auction were artificially inflated and challenge the natural gas transportation scheduling practices of Avangrid's subsidiaries through their use of "no-notice" contracts.  For nearly 70 years, courts have consistently applied the filed rate doctrine to bar claims challenging rates and tariffs filed with and approved by the Federal Energy Regulatory Commission ("FERC") in its authority under the Federal Power Act ("FPA") and Natural Gas Act ("NGA").  FERC regulates all wholesale electricity sales and prices established through the ISO-NE auction process and possesses exclusive jurisdiction under the FPA to determine whether rates for wholesale sales of electricity are "just and reasonable."  FERC has exercised its sole authority and has determined that the wholesale electricity rates resulting from the ISO-NE auction are just and reasonable.  At the same time, FERC also exclusively regulates the transportation of natural gas on the Algonquin Gas Transmission, LLC pipeline ("Algonquin") under the NGA.  Pursuant to that exclusive jurisdiction, FERC has approved provisions in the tariff governing the scheduling of natural gas transportation capacity, including pursuant to no-notice contracts, on Algonquin.  Accordingly, entertaining plaintiffs' claims would run afoul of the filed rate doctrine.

2.   *Second*, Plaintiffs' state law claims are similarly preempted by FERC's exclusive jurisdiction.  Plaintiffs ask the Court to re-calculate wholesale electricity rates that have been approved by FERC and to enjoin a practice that FERC has authorized.  Permitting plaintiffs'

claims to proceed would directly interfere with FERC's exclusive authority under the FPA and NGA to regulate wholesale electricity sales and interstate natural gas transportation. Plaintiffs' state law antitrust and consumer protection claims are thus preempted by federal law.

3. *Third*, plaintiffs lack standing to bring their antitrust claims. Plaintiffs did not suffer antitrust injury as a matter of law because they did not participate in the market in which the alleged misconduct took place. Plaintiffs purchased retail electricity but allege misconduct in a separate market—the market for the wholesale transportation of natural gas.

4. *Fourth*, plaintiffs have failed to plead necessary elements of their state and federal monopolization or attempted monopolization claims. Under federal and state monopolization law, plaintiffs must define the relevant product and geographic markets and must allege facts sufficient to show that Avangrid has monopoly power or a dangerous probability of acquiring monopoly power in that relevant market. Plaintiffs have failed to plead these elements.

5. *Finally*, plaintiffs' claims under the New Hampshire Consumer Protect Act and Maine Unfair Trade Practices Law also fail because plaintiffs did not plead all the required elements of those causes of action.

The bases for this motion are set forth fully in the accompanying Memorandum of Law, filed herewith.

WHEREFORE, Avangrid respectfully requests the Court dismiss the complaint with prejudice.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Avangrid respectfully requests to be heard at oral argument on its Motion to Dismiss Plaintiffs' Complaint.

| | |
|---|---|
| Dated: April 27, 2018 | Respectfully submitted, |
| | /s/ Marguerite M. Sullivan |
| | Marguerite M. Sullivan (*pro hac vice*) |
| | Allyson M. Maltas (*pro hac vice*) |
| | LATHAM & WATKINS LLP |
| | 555 Eleventh St. NW, Suite 1000 |
| | Washington, DC. 20004 |
| | Tel: (202) 637-2200 |
| | marguerite.sullivan@lw.com |
| | allyson.maltas@lw.com |
| | |
| | U. Gwyn Williams (#565181) |
| | LATHAM & WATKINS LLP |
| | John Hancock Tower, 27th Floor |
| | 200 Clarendon Street |
| | Boston, MA 02116 |
| | Tel: (617) 948-6000 |
| | gwyn.williams@lw.com |
| | |
| | *Attorneys for Defendant Avangrid, Inc.* |

**CERTIFICATION UNDER LOCAL RULE 7.1(a)**

I hereby certify pursuant to Local Rule 7.1(a)(2) that I conferred with counsel for plaintiffs in a good faith effort to resolve or narrow the issues raised in Avangrid's Motion to Dismiss Plaintiffs' Complaint.

| | |
|---|---|
| Dated: April 27, 2018 | /s/ Marguerite M. Sullivan |
| | Marguerite M. Sullivan |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2018, I filed the foregoing document with the United States District Court for the District of Massachusetts using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing (the "NEF").

| | |
|---|---|
| Dated: April 27, 2018 | /s/ Marguerite M. Sullivan |
| | Marguerite M. Sullivan |

Marguerite M. Sullivan (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh St. NW, Suite 1000
Washington, DC. 20004
Tel: (202) 637-2200
marguerite.sullivan@lw.com
allyson.maltas@lw.com

U. Gwyn Williams (#565181)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6000
gwyn.williams@lw.com

*Attorneys for Defendant Avangrid, Inc.*